IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DONALD E. JAMES                                                                                     PETITIONER

V.                                         CASE NO.    4:07CR00265JMM
                                                                          4:10CV00051

UNITED STATES OF AMERICA                                                         RESPONDENT

### ORDER

On October 23, 2008 the petitioner pled guilty to Count One of the Indictment, Felon in Possession of a Firearm, a violation of 18 U.S.C. §922(g)(1) and 924(e). On January 21, 2009, he was sentenced to 180 months in prison. Petitioner did not file a direct appeal.

On January 26, 2010, Petitioner filed a *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255 (docket # 26). Petitioner alleges four claims of ineffective assistance of counsel each pertaining to the application of the armed career offender enhancement to Petitioner's sentence. Petitioner claims: (1) His counsel should not have advised him that he was classified as an armed career criminal because his prior offenses did not constitute "violent crimes" for purposes of the statute; (2) His counsel failed to challenge the unlawful use of a misdemeanor conviction to enhance his sentence; (3) He was not made aware that his prior offenses had to classify as violent felonies in order for him to be sentenced as an armed career offender; and, (4) His counsel should have challenged the government's use of his prior offenses to enhance his sentence as well as the Court's jurisdiction to sentence him as an armed career offender.

To prove a claim of ineffective assistance of counsel, petitioner must show both that his counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *See, Strickland v. Washington*, 466 U.S. 668, 687-88 (1984);

*Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). "Where the conviction was entered on the basis of a guilty plea, the second part of the test is slightly modified. In the guilty plea context, the convicted defendant must demonstrate that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Matthews v. United States,* 114 F.3d 112, 114 (8th Cir. 1997).

The conduct of Petitioner's trial counsel was objectively reasonable. The Indictment alleges and the pre-sentence report reflects that the Petitioner had four earlier convictions which qualify as violent felonies. A violent felony is a felony that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Petitioner had committed the following four felonies:

| | | | |
|---|---|---|---|
| 1. | 12/19/1979 | Jefferson County, Arkansas<br>Circuit Court No. CR-79-423-1 | Burglary |
| 2. | 03/13/1980 | Jefferson County, Arkansas<br>Circuit Court No.  CR-80-81-1 | Burglary & Theft<br>of property |
| 3. | 08/27/1982 | Jefferson County, Arkansas<br>Circuit Court No.  CR-82-279-1 | Burglary |
| 4. | 06/23/2005 | Jefferson County, Arkansas<br>Circuit Court No. CR-2003-1161-5 | Domestic Battery III,<br>Second Offense |

Petitioner argues that his conviction for domestic battery should not be considered a violent felony as the crime was classified as a misdemeanor. Petitioner's claim is without merit. Petitioner's conviction for Domestic Battery III, Second Offense was a violent felony conviction

because Petitioner was previously convicted of Domestic Battering in the Second Degree on February 5, 2003. The portion of the statute under which Petitioner was convicted on June 23, 2005 stated:

> b)(1) Domestic battering in the third degree is a Class A misdemeanor.
>
> (2) However, domestic battering in the third degree is a Class D felony if:
>
> (B) For conduct that occurred within the five (5) years preceding the commission of the current offense, the person has been convicted of a prior offense of:
>
> (ii) Domestic battering in the second degree, § 5-26-304;

Ark. Code Ann. §5-26-305.

Petitioner argues that his convictions for burglary do not qualify as violent felonies because they were not "generic" burglaries. Under *Taylor v. United States*, 495 U.S. 575, 599 (1990), in order to qualify as a violent felony for purposes of a § 924(e)(1) enhancement, a burglary conviction must have "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." 495 U.S. at 599. Petitioner's convictions for burglary on December 19, 1979, March 13, 1980 and August 27, 1982 were charged under the former Arkansas burglary statute, A.S.A. § 41-2002, now codified at Ark. Code Ann. §5-39-201. This former statute included activities that fell outside of *Taylor's* generic definition of burglary. Accordingly, the Court may refer to the "terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26 (2005).

The Court has reviewed the Information to which the Petitioner pled guilty on each

charge of burglary. On December 19, 1979, the Petitioner pled guilty to the charge of burglary wherein he was charged with entering or remaining unlawfully in occupiable structures belonging to Port City Janitor Supply and Fikes Trucking Company with the purpose of committing theft. On March 13, 1980, the Petitioner pled guilty to the charge of burglary wherein the charging document stated that he entered or remained unlawfully in an occupiable structure belonging to Robert Woodus with the purpose of committing theft. On August 27, 1982, the Petitioner pled guilty of a charge of burglary wherein he was alleged to have entered or remained unlawfully in an occupiable structure belonging to Skateworld, Inc. with the purpose of committing a crime punishable by imprisonment. Each of these charging instruments charges the elements of generic burglary. *See United States v. Vasquez-Garcia*, 449 F.3d 870, 873 (8th Cir. 2006), *cert. denied*, 549 U.S. 1182 (2007)(finding that where the charging document narrows the overinclusive statute, the government is not required to produce the plea agreement or the transcript of colloquy between the judge and the defendant.).

The Court finds that the Petitioner's burglary and battery convictions qualify as violent felonies. Accordingly, Petitioner has failed to meet the deficiency prong of the *Strickland* test. The Petitioner was correctly informed by his counsel that he would be sentenced as an armed career criminal, having been previously convicted of four violent felonies, and the Court correctly sentenced the Petitioner under the statute.

Petitioner claims that during the change of plea and sentencing hearings, he was never informed that the prior State of Arkansas convictions listed in the indictment were required to be classified as violent crimes under the Armed Career Criminal Act in order for his minimum custodial sentence to carry 15 years. During his change of plea hearing on October 23, 2008, the

Court outlined the charges against the Petitioner and Petitioner acknowledged that he was aware of the charges in the Indictment. The Court questioned the Petitioner about each prior offense and the Petitioner admitted that he had been convicted of these four felonies. During the sentencing hearing held on January 21, 2009, Petitioner's counsel represented that he had reviewed the presentence report with the Petitioner. The presentence report addressed the applicability of the Armed Career Offender enhancement. Petitioner's counsel correctly advised him that he would be sentenced as an armed career offender and Petitioner received a downward adjustment for acceptance of responsibility as a result of following his counsel's advice to plead guilty. Petitioner failed to show that his counsel's performance fell below an objective standard of reasonableness. Further, even if the Petitioner were able to show deficient representation, he is unable to show prejudice.

The Court concludes that an evidentiary hearing is not required in this matter. The record conclusively shows that Petitioner is not entitled to the relief he seeks. *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

For the reasons stated above, Petitioner's Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255,(docket #26) is denied .

IT IS SO ORDERED this 12th day of May, 2011.

*James M. Moody*
James M. Moody
United States District Judge